IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Bowers, ) | C/A No. 0:14-358-RMG-PJG |
|            Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Joseph McFadden, ) | |
|            Respondent. ) | |
| _____ ) | |

Petitioner James Bowers, who is represented by counsel,[1] filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the parties' cross motions for summary judgment. (ECF Nos. 47 & 48.) Both parties filed responses and replies to the motions. (ECF Nos. 48, 49, 50, & 52.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and that Bowers's motion for summary judgment and Petition should be denied.

## BACKGROUND

Bowers was indicted in November 2003 in Beaufort County for armed robbery (2003-GS-07-2097). (ECF No. 39-2 at 131-32.) Bowers was represented by Gene Hood, Esquire, and on October 25, 2004 was tried before a jury and found guilty as charged. The circuit court sentenced Bowers

---

[1] Bowers commenced this action and filed his federal Petition as a *pro se* litigant. Pursuant to the Order of the Honorable Richard M. Gergel, United States District Judge, Bowers was appointed counsel (ECF No. 28), who subsequently filed an Amended Petition on Bowers's behalf. (ECF No. 39.)



to life imprisonment without the possibility of parole pursuant to S.C. Code Ann. § 17-25-45(A). (App. at 284, ECF No. 39-2 at 121.)

Bowers timely appealed and was represented by Joseph L. Savitz, Esquire, of the South Carolina Office of Appellate Defense, who filed an <u>Anders</u>[2] brief on Bowers's behalf that presented the following issue:

> The judge erred by failing to suppress the victim's identification of Bowers as the robber, since her identification had been irreparably tainted by an unduly suggestive show-up procedure conducted by the police shortly after the incident.

(ECF No. 46-11.) Bowers filed a *pro se* response to the <u>Anders</u> brief in which he raised the following issues:

> (1) The judge erred by failing to suppress the victim[']s identification of the ac[c]used as the robber, since her identification of Bowers as the perpetrator has been irreparably tainted by an unduly suggestive show[-]up procedure conducted by the police shortly after the indicent no substantial evidence exists[.]
>
> (2) The judge erred by failing to [e]ntertain the issue of change of custody w[h]ere it is clear that even change custody have rules, procedure. The fact is the State gave the evidence to her instead of plac[]ing it in evidence room until trial was done or an investigation was conducted so the State had no ph[y]sical evidence w[h]ere a jury could logically deduce appellant Bowers guil[t]y[.]
>
> (3) The judge erred by failing to instruct the jury that there must be evidence in all case to support the verdict and if the evidence do fit you convict but on the other hand if the evidence don't fit "you must a[c]quit." No finger prints at all . . . not even taken[.]

---

[2] <u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. <u>Anders</u>, 386 U.S. at 744.



(4) The judge erred by failing to address, instruct, the errors of the Grand Jury in this case whereforth the finger printing of the evidence used in court clearly prejudiced to the petitioner and to the administration of justice the petitioner['s] case must be vacated[.]

(5) The judge erred by failing to correct the courts, prosecut[] Rules of procedure Constitutional, Due process, 4th Amendment indictment issues, the erroneous[] evidencal procedure conducted by the grand jury because the evidence also was tainted by the police officers they never even took the proper procedure in the arrest. Search also in violation any Court should see failure of the evidence supporting the verdict, if not the danger unfair procedure prejudice to Bowers . . . Must be reversed or new trial . . . .

(6) The judge erred in den[y]ing Bowers['s] attorneys previous[] motion for sentencing enhancement because the unconstitutional[]ity of 17-25-45 is not solely on limitation of prior conviction or is not solely a double jeopardy issue there is still other issue that must be taken in consideration because also a statutory provision is at state the consideration that counsel knowingly rendered the understanding of his cli[e]nt Bowers still contends that the scrutiny is very clear he also contends that he was advised by counsel that the 5th should be his defense unknowingly. He did as advised Petitioner could not be sentenced as a second offender despite [] statu[t]e indicating a[n] offense is second offender this Court is in violation of Bowers['s] Constitutional Rights and is also in violation of his well established, statutory provision[.]

(ECF No. 46-12 at 6-7.) By Order filed April 4, 2008, the South Carolina Court of Appeals dismissed Bowers's appeal. (State v. Bowers, Op. No. 08-UP-214 (S.C. Ct. App. Apr. 4, 2008); ECF No. 46-13.) The remittitur was issued on April 22, 2008. (ECF No. 46-14.)

Bowers filed a *pro se* application for post-conviction relief ("PCR") on May 23, 2008 in which he raised the following claims:

1.) The indictment is fat[]ally defective[;]

2.) The identification of applicant should have been suppressed because it was unduly suggestive[;]

3.) Ineffective assistance of trial counsel Gene G. Hood[; and]

4.) The trial court lacked jurisdiction to sentence applicant under statute [§] 17-25-45[.]



(See Bowers v. State of South Carolina, 08-CP-07-2188; ECF No. 39-2 at 134-47.) The State filed a return. (ECF No. 39-2 at 148-53.) On September 2, 2009, the PCR court held an evidentiary hearing at which Bowers appeared and testified and was represented by Kelly A. Dennis, Esquire. At the hearing, Bowers raised the ground that his trial counsel was ineffective in that he failed to do a complete factual investigation; that he failed to object to the trial court's failure to charge the lesser-included offense of robbery; that he failed to challenge the sentence based on a prior conviction of common-law robbery; and that he failed to properly communicate a plea offer. By order filed November 2, 2009, the PCR court denied and dismissed with prejudice Bowers's PCR application. (App. at 345-51, ECF No. 39-3 at 21-27.) Bowers, through counsel, filed a motion to reconsider, which the PCR court denied. (App. at 352-56, 362-63; ECF No. 39-3 at 28-32, 38-39.)

On appeal, Bowers was represented by Kathrine H. Hudgins, Esquire, of the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari that presented the following question:

> Did the PCR judge err in refusing to find counsel ineffective for not challenging petitioner's prior conviction for assault with intent to ravish as a most serious offense for purposes of imposing a sentence of life without parole pursuant to the two strikes law when the State failed to prove that the prior conviction contained all of the elements necessary for a most serious assault with intent to commit criminal sexual conduct?

(ECF No. 46-1.) The South Carolina Court of Appeals granted the petition for a writ of certiorari and directed the parties to file briefs. (ECF No. 46-3.) The parties filed briefs (ECF No. 46-4 & 46-5) and the South Carolina Court of Appeals heard oral argument on April 9, 2013. On June 19, 2013, the South Carolina Court of Appeals issued an order affirming the decision of the lower court. (Bowers v. State, No. 2013-UP-272 (S.C. Ct. App. June 19, 2013); ECF No. 46-6.) Bowers filed a petition for rehearing which was denied on August 22, 2013. (ECF Nos. 46-7 & 46-8.) Counsel



for Bowers filed a petition for a writ of certiorari with the South Carolina Supreme Court that presented the following question:

> Did the Court of Appeals err in finding unpreserved the issue that the PCR judge refused to find counsel ineffective for not challenging petitioner's prior conviction for assault with intent to ravish as a most serious offense for purposes of imposing a sentence of life without parole pursuant to the two strikes law, when the State failed to prove that the prior conviction contained all of the elements necessary for a statutory most serious assault with intent to commit criminal sexual conduct?

(ECF No. 13-1 at 20.) On August 21, 2014, the South Carolina Supreme Court issued an order denying Bower's petition for a writ of certiorari. (ECF No. 46-9.) The remittitur was issued August 27, 2014. (ECF No. 46-10.)

According to the respondent, Bowers filed two additional *pro se* PCR applications in 2010 and 2014. (See Respt.'s Mem. Supp. Summ. J., ECF No. 46 at 6-8.) The respondent states that Bowers's 2010 PCR application was dismissed by the PCR court as untimely and successive and that this decision was not appealed. (Id.) The respondent also states that Bowers's 2014 PCR application is currently pending. (Id.)

## FEDERAL HABEAS ISSUES

Bowers's federal Petition for a writ of habeas corpus, as amended, raises the following issues:

**Ground One:** IAC [Ineffective assistance of counsel]: failure to inform of possible sentences and effectively communicate plea offers
**Supporting Facts:** The State made a plea offer to Petitioner of fifteen years. Trial counsel failed to recognize and inform Petitioner that Petitioner was potentially eligible for a sentence of life without parole when discussing the plea offer with Petitioner.

**Ground Two:** IAC [Ineffective assistance of counsel]: trial counsel failed to object to the trial court's finding that Petitioner's 1976 conviction for "assault with intent to ravish" is a "most serious offense"
**Supporting Facts:** Trial counsel improperly failed to object and agreed with the trial court's decision the Petitioner's 1976 conviction for "assault with intent to ravish"



qualified as a "most serious offense" under South Carolina Code 17-25-45. This failure caused Petitioner to be improperly sentenced to life without parole under that statute.

(Am. Pet., ECF No. 39.)

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 582 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state



prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir.



2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Ground One**

The respondent argues that Bowers's first ground for relief, alleging that counsel was ineffective in failing to inform Bowers of possible sentences and effectively communicate plea offers, is procedurally barred from federal habeas review. In response, Bowers consents to the dismissal of this claim. (ECF No. 49 at 7.)

**2.    Ground Two**

In Ground Two, Bowers alleges that trial counsel was ineffective in failing to object to, and in fact agreeing with, the trial court's finding that Bowers's 1976 conviction for "assault with intent to ravish" qualified as a "most serious offense" under S.C. Code § 17-25-45, causing Bowers to be sentenced to life without parole. The respondent argues that this ground is also procedurally barred from federal habeas review. Bowers does not disagree that this claim is procedurally defaulted; however, he argues that his procedural default should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012), because PCR counsel failed to raise this claim.

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that

> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the



first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Thus, relevant to this case, to excuse the procedural default of Bowers's proposed ineffective assistance of trial counsel claim, he must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318-19 (comparing Miller-El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability)).³  Further, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams, 529 U.S. at 391 (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, *i.e.* that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result).

Applying Martinez to the record and Bowers's arguments, the court concludes that he cannot satisfy Martinez's limited exception. Upon review of the record, as well as the additional evidence submitted by the respondent, the court finds for the reasons set forth below that Bowers cannot

---

³ The court notes that in Miller-El, the Supreme Court explained that to make the requisite substantial showing of the denial of a constitutional right, "a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.' " Miller-El, 537 U.S. at 336 (quoting Barefoot v. Estelle, 463 U.S. 880, 484 (1983)).



demonstrate a reasonable probability that he would have received relief on his claim of ineffective assistance of trial counsel.

To determine whether PCR counsel was ineffective for the Martinez exception to apply, the court utilizes the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), which requires a petitioner to show that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Strickland, 466 U.S. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Here, Bowers contends that PCR counsel was ineffective in failing to argue that trial counsel was ineffective in failing to object to, and in fact agreeing with, the trial court's finding that Bowers's 1976 conviction for "assault with intent to ravish" qualified as a "most serious offense" under S.C. Code § 17-25-45 (also known as the two-strikes law), causing Bowers to be sentenced to life without parole. This issue requires an analysis of South Carolina law to determine whether Bowers's conviction in 1976 qualified as a most serious offense.

Contrary to Bowers's arguments, applying South Carolina law to this issue reveals no reasonable probability that Bowers's would have received relief on this claim, which is the standard he must meet to show that he was prejudiced by PCR counsel's actions such that PCR counsel could be deemed ineffective. See Strickland, 466 U.S. at 694 (requiring a petitioner to "show that there



is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Without this showing, Bowers cannot use the Martinez exception.

Relevant to this case, section 17-25-45(A) of the South Carolina Code, also known as the two-strikes law, provides that when a defendant convicted of a "most serious" offense has either (1) one or more prior convictions for another crime categorized in the two-strikes law a "most serious" offense, or (2) two or more prior convictions for a "serious" offense, the statute's mandatory life sentence without parole applies.[4]  S.C. Code Ann. § 17-25-45(A).

When the defendant has a prior conviction for an offense not explicitly listed in § 17-25-45, South Carolina case law suggests that its courts apply a two-step approach to determine whether the prior conviction is equivalent to any current offenses classified as "serious" or "most serious" under the two-strikes law. First, the courts look to whether the elements of the prior offense match those of any of the offenses listed in § 17-25-45. If they do then the inquiry ends. See, e.g., State v. Washington, 526 S.E.2d 709, 711 (S.C. 2000) (holding that common law burglary constituted a "most serious" offense because it "contained the same legal elements as burglary, first degree that section 14-25-45(C)(1) declares a 'most serious' offense"). However, when they do not, South Carolina courts have looked for details of the facts or circumstances concerning the predicate offense, if available, to determine whether that prior conviction equates to any of the offenses in § 17-25-45. For example, in State v. Phillips, 734 S.E.2d 650 (S.C. 2012), the South Carolina Supreme Court held that the Court of Appeals properly found that the defendant's 1979 conviction for "burning" did not contain the same elements as the second-degree arson statute, which is defined

---

[4] Assault with intent to commit criminal sexual conduct, first and second degree, are listed as "most serious" predicate offenses, while assault with intent to commit criminal sexual conduct, third degree, is not included in any of the definitions. S.C. Code Ann. § 17-25-45(C). Thus, assault with intent to commit criminal sexual conduct, third degree, does not trigger the two-strikes law.



as a "serious" offense in § 17-25-45. The Phillips Court then proceeded to examine the details of predicate offense, observing that the State failed to present any evidence proving that the defendant burned any of the structures delineated in the second-degree arson statute. Similarly, in State v. Lindsey, 583 S.E.2d 740 (S.C. 2003), the Supreme Court, examining nearly the same issue presented here, considered the elements of rape and determined that they were not the same as the elements of the "most serious" criminal sexual conduct offenses listed in § 17-25-45(C). The Lindsey Court then looked for details of the predicate offense but again found that the record did not contain any details of the facts or circumstances concerning the 1976 conviction for rape.[5] Therefore, because the predicate rape conviction could have fallen into the category of criminal sexual conduct in the third degree, which is not a "most serious" offense, *and* there was no evidence that the conviction involved the aggravating factors that would be required for first- or second-degree criminal sexual conduct, the court concluded that application of the two-strikes statute was not warranted. Moreover, the decision of the South Carolina Court of Appeals in Bowers's own case further demonstrates that South Carolina courts would consider the circumstances of the predicate offense if they were available. In rejecting Bowers's PCR appeal, the Court of Appeals noted that the record before it contained no details of his prior conviction, implying that such information would have been pertinent and material to its analysis. (See Bowers v. State, No. 2013-UP-272 (S.C. Ct. App. June 19, 2013); ECF No. 46-6) ("It is possible the prior conviction could have met the elements of

---

[5] To the extent that the concurrence in State v. Lindsey, 583 S.E.2d 740 (S.C. 2003), may be interpreted to indicate that a court should never proceed beyond step one, the court observes that such an interpretation is not supported by the majority opinion and other appellate decisions. See Lindsey, 583 S.E.2d at 742 (observing the lack of details of the facts or circumstances surrounding the 1976 rape conviction and finding that *"absent evidence* [the predicate rape conviction] *involved aggravated force or coercion,"* the conviction is insufficient to warrant application of the two-strikes law).



only third-degree CSC, and therefore, was not properly utilized for LWOP purposes; however, the details of the prior conviction are not reflected in the record.").

In determining whether Bowers was prejudiced by PCR counsel's failure to raise this issue, this court applies the same two-step analysis South Carolina courts have used. As to the first step, it is clear that the elements of assault with intent to ravish are not the same as those for assault with intent to commit criminal sexual conduct in the first or second degree. See Lindsey, 583 S.E.2d 740 (comparing elements of rape to criminal sexual conduct). Pertinent here, first-degree criminal sexual conduct requires (1) a sexual battery and (2) aggravated force or forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act or causing the victim, without the victim's consent to become mentally incapacitated or physically helpless by administering, distributing, dispensing, delivering, or causing to be administered, distributed, dispensed, or delivered a controlled substance, a controlled substance analogue, or any intoxicating substance. S.C. Code Ann. § 16-3-652. Second-degree criminal sexual conduct requires the use of aggravated coercion to accomplish sexual battery. S.C. Code Ann. § 16-3-653. Third-degree criminal sexual conduct requires the use of force or coercion to accomplish the sexual battery in the absence of aggravating circumstances or knowledge or a reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery. S.C. Code Ann. § 16-3-654. Assault with intent to commit criminal sexual conduct in the first, second, or third degree requires an assault and criminal intent to commit criminal sexual conduct in the first, second, or third degree. See State v. Ervin, 510 S.E.2d 220 (S.C. Ct. App. 1998), overruled on other grounds by State v. Gentry, 610 S.E.2d 494 (S.C. 2005).

Turning to the requisite elements of Bowers's predicate offense, the South Carolina Supreme Court has explained that "ravish or rape, the words being synonymous, is defined as the carnal knowledge of a woman by force and against her consent. . . . In order to constitute the crime of rape these must be some degree of penetration of the female genital organ by the male genital organ, but any penetration, however slight, is all that is necessary." State v. Tuckness, 185 S.E.2d 607, 608 (S.C. 1971) (internal citation omitted). To convict a defendant of assault with intent to ravish, the State must demonstrate an assault by a male on a female with the intent to commit rape as defined above. Id. at 608; see also State v. Stewart, 320 S.E.2d 447, 451 (S.C. 1984) (stating that "assault with intent to ravish" and "assault with intent to commit criminal sexual conduct" are interchangeable).

Bowers urges the court to adopt the "categorical approach" used by federal courts in applying federal recidivist sentencing statutes to analyze whether his conviction for assault with intent to ravish is equivalent to assault with intent to commit criminal sexual conduct in the first or second degree under the two-strikes law. Cf. Taylor v. United States, 495 U.S. 575, 600-02 (1990) (requiring federal courts generally to use the categorical approach when deciding whether an offense is a violent felony under the Armed Career Criminal Act, looking only to whether the defendant has been convicted of crimes falling within certain categories and not the facts underlying the prior convictions). Bowers, relying on Lindsey, argues that rape was not defined as including an element of aggravated force and therefore does not equate to criminal sexual conduct in the first or second degree. State v. Lindsey, 583 S.E.2d 740, 741 (S.C. 2003). Thus, he would have the court conclude its analysis here. However, the case law in South Carolina discussed above strongly suggests that such an approach has not been adopted and would not be followed by South Carolina courts applying



South Carolina's two-strikes law.[6] While the available case law demonstrates that the courts which have proceeded to step two have not possessed any information concerning the facts or circumstances of the prior convictions, the cases clearly recognize the relevance of that information in applying the two-strikes law.

The court therefore proceeds to step two: an examination of the details of the predicate offense, if available. And, unlike Lindsey and the decision in Bowers's PCR appeal where the courts expressly noted that they had no details of the facts and circumstances concerning the predicate offenses, the record currently before this court supplies those as to Bowers. In Bowers's case, the respondent has submitted, pursuant to Martinez, additional evidence concerning Bowers's prior conviction for assault with intent to ravish.

The commitment from Bowers's 1976 convictions shows that Bowers was convicted of robbery in addition to assault with intent to ravish. (ECF No. 50-1 at 5.) Moreover, the indictment contains details showing that Bowers committed the robbery in connection with the assault with intent to ravish. (ECF No. 50-1 at 2-3.) Thus, court records reveal that Bowers pled guilty to an offense involving assault with attempt to commit a sexual battery. He also pled guilty to robbery

---

[6] Justice Alito's dissent in the recent United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), includes a discussion of how, at least in some applications, a conduct-based approach is preferable to the categorical approach mandated under federal law by Taylor. Id. at 2578-80.



stemming from the same set of facts against the same victim.[7] The records therefore conclusively establish that the assault with intent to ravish was accompanied by a robbery, equating it to assault with intent to commit criminal sexual conduct in the first degree.[8] S.C. Code Ann. § 16-3-652 ("A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and . . . [t]he victim submits to sexual battery by the actor under circumstances where the victim is also the victim of . . . robbery . . . ."); Ervin, 510 S.E.2d 220 (indicating that assault with intent to commit criminal sexual conduct in the first degree requires an assault and criminal intent to commit criminal sexual conduct in the first degree). Therefore, Bowers's 1976 conviction for assault with intent to ravish qualifies as a "most serious" offense under the two-strikes law.

Based on the foregoing, the court finds that Bowers cannot demonstrate he was prejudiced by PCR counsel's failure to raise a claim that trial counsel was ineffective in failing to object to, and in fact agreeing with, the trial court's finding that Bowers's 1976 conviction for "assault with intent

---

[7] The court observes that because this issue was not before the PCR court, the record before the South Carolina Court of Appeals in rejecting Bowers's PCR appeal did not contain the indictment or other records showing that Bowers pled guilty to robbery in connection with the same incident that gave rise to the conviction for assault with intent to ravish. That information appears to have been produced for the first time in connection with the instant habeas petition in accordance with Martinez. See, e.g., Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014) (rejecting arguments that Cullen v. Pinholster, 131 S. Ct. 1388 (2011) and § 2254(e)(2) categorically bar extra-record evidence regarding cause and prejudice for a procedurally defaulted ineffective assistance claim). Accordingly, Bowers cannot show a reasonable probability that he would have obtained post-conviction relief had PCR counsel raised this argument, since the evidence that would have been presented would have shown that his predicate offense equated to assault with intent to commit first-degree criminal sexual conduct.

[8] Notably, Bowers does not challenge the respondent's submission of evidence as to his past conviction for assault with intent to ravish. Rather, he argues that the court should not look to the details of his predicate offense and should examine only whether the elements of the offenses strictly match. For the reasons addressed above, the court concludes that South Carolina courts would not follow that approach when, as here, the details and circumstances of the predicate offense are available.



to ravish" qualified as a "most serious offense" under S.C. Code § 17-25-45, and that, but for PCR counsel's error, there is a reasonable probability that Bowers would have received relief on this claim. Because Bowers cannot demonstrate that PCR counsel was ineffective under <u>Strickland</u> in failing to preserve it, he cannot establish cause under <u>Martinez</u> excusing the procedural default of Ground Two.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 47), Bowers's motion for summary judgment be denied (ECF No. 48), and Bowers's Amended Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 23, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).