IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Bowers, #279049, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:14-cv-358-RMG |
| ) | |
| vs. ) | |
| ) | |
| Warden Joseph McFadden, ) | |
| ) | **CERTIFICATION ORDER** |
| Respondent. ) | |
| ) | |

This matter involves a petition for habeas corpus brought by Petitioner, a prisoner incarcerated by the State of South Carolina, pursuant to 28 U.S.C. § 2254. The petition was originally brought *pro se*, but this Court appointed counsel because substantial issues were raised and the Petitioner was not likely to be able to effectively brief and argue those issues. (Dkt. No. 28). Both parties have now filed motions for summary judgment. (Dkt. Nos. 47, 48). The Court has determined that this petition presents questions of South Carolina law which may be determinative of the cause. It also appears to this Court that there is no controlling precedent in the decisions of the South Carolina Supreme Court. Therefore, pursuant to South Carolina Appellate Court Rule 244, the United States District Court for the District of South Carolina certifies the questions of law as set forth below.

## I. Statement of Facts

Petitioner was indicted for armed robbery by the Beaufort County Grand Jury in November 2003 and convicted of the charge in the Beaufort County Court of General Sessions on October 25, 2004, following a jury trial. At sentencing, the state trial court addressed the

-1-

issue of whether Petitioner was subject to a mandatory sentence of life without parole ("LWOP") pursuant to S.C. Code § 17-25-45 (also known as the "two strikes law"), based upon his present conviction of armed robbery and a 1976 conviction for the common law offense of assault with intent to ravish. The trial court concluded that the common law offense of assault with intent to ravish was equivalent to the statutory offenses of criminal sexual conduct in the first or second degree, which are among the listed predicate offenses which qualify as a "most serious offense" under § 17-25-45(A). Trial counsel indicated that he was "satisfied" that the prior offense of assault with intent to ravish "was the same offense, basically, that we have here today and our laws concerning criminal sexual conduct," and made no objection to the trial court's finding. *Bowers v. State*, 2013 WL 8538715 at *1 (S.C. App. 2013). The trial court then sentenced Petitioner to LWOP. Petitioner subsequently filed an appeal but did not raise the "two strike" issue. The South Carolina Court of Appeals dismissed Petitioner's direct appeal regarding his conviction and sentence. *State v. Bowers*, 2008 WL 9841242 (S.C. App. 2008).

Petitioner thereafter filed a petition for post-conviction relief in state court and was represented by counsel. He raised a number of claims of ineffective assistance of trial counsel at the circuit court level but did not raise the issue that his trial counsel was ineffective for failing to challenge the trial court's finding that the prior conviction of assault with intent to ravish was equivalent to criminal sexual conduct, first or second degree, thereby making Petitioner subject to a mandatory LWOP pursuant to S.C. Code § 17-25-45. The PCR trial court denied Petitioner relief, and he appealed the adverse decision. The issue regarding whether Petitioner's conviction for assault with intent to ravish was a predicate offense under § 17-25-45 was then raised on appeal of the adverse PCR trial court ruling. The South Carolina Court of Appeals, while

recognizing that it was "possible" that Petitioner's prior assault with intent to ravish conviction "could have met the elements of only third-degree [criminal sexual conduct]," refused to consider on appeal the issue of whether trial counsel had been ineffective in not challenging the trial court's finding that the prior conviction was the equivalent of first or second degree criminal sexual conduct. The Court of Appeals concluded that the issue had not been preserved by the PCR trial level counsel and affirmed Petitioner's sentence of LWOP. *Bowers v. State*, 2013 WL 8538715 at *1.

Petitioner thereafter filed this petition for habeas corpus in the United States District Court alleging that trial and PCR counsel had been ineffective in failing to raise and preserve the issue of whether his 1976 conviction for assault with intent to ravish was the equivalent of criminal sexual conduct, first or second degree. Although it is clear that Petitioner procedurally defaulted this ground by his trial and PCR counsel failing to preserve the issue, this Court must consider whether that procedural default may be excused under the authority of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Among the issues this Court must address in deciding whether to excuse a procedural default is whether the Petitioner's claim of ineffective assistance of counsel is a "substantial one" and whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1318-19; *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

## II. Nature of the Controversy

To address these issues under *Martinez* and *Strickland*, this Court must necessarily determine the state law question of whether under the provisions of S.C. Code § 17-25-45, Petitioner's 1976 conviction for assault with intent to ravish was the equivalent of first or second

degree criminal sexual conduct. The South Carolina Court of Appeals has already recognized in the State PCR appeal in this matter that it was "possible" that Petitioner's 1976 conviction for assault with intent to ravish may have involved only criminal sexual conduct, third degree, and thus placed the prior conviction outside the category of "most serious" offenses under § 17-25-45(A). *Bowers v. State*, at *1. Thus, this Court must determine (1) what type of evidence, if any, may be considered to determine whether Petitioner's 1976 conviction for assault with intent to ravish constituted first or second degree criminal sexual conduct; and (2) assuming record evidence may be used, whether the record evidence is sufficient to make that determination.

It appears to the Court that the South Carolina Supreme Court has not yet definitively addressed these issues. In *State v. Washington*, 526 S.E.2d 709, 711 (S.C. 2000), the South Carolina Supreme Court upheld a sentence of LWOP upon a finding that the defendant's prior conviction of common law burglary was the equivalent of first degree burglary. In light of this finding, the Court was not required to consider any extrinsic evidence regarding the nature of the prior common law burglary offense.

A closer factual situation was addressed by the South Carolina Supreme Court in *State v. Lindsey*, 583 S.E.2d 740, 741-42 (S.C. 2003), where the defendant had a 1976 conviction for rape. The issue arose whether that offense was equivalent to first or second degree criminal sexual conduct. Recognizing that the common law offense of rape could also include criminal sexual conduct, third degree, the Court ruled that it was improper to sentence the defendant under § 17-25-45. The Court commented, however, that "there is no evidence in the record concerning [the defendant's] rape conviction," perhaps suggesting that some type of record evidence might be considered. *Id.* The scope and nature of such evidence was not further addressed, although the

-4-

Supreme Court noted that the "form indictment" in the case was not sufficient evidence to resolve the issue. *Id.* at 742.

The Supreme Court addressed a somewhat similar issue in *State v. Phillips*, 734 S.E.2d 650, 651 (S.C. 2012), which involved the question of whether a defendant's 1979 conviction for common law "burning" was the equivalent to the offense of second degree arson. In concluding that the two offenses were not equivalent, the Supreme Court referenced the language in the defendant's indictment, which indicated that the structure was a building owned by the local school district but did not explicitly state it was a "school facility". *Id.* at 652.[1]

In this matter, this Court has been provided by the parties certain record evidence relating to Petitioner's 1976 conviction and whether the robbery was undertaken in conjunction with the assault. The record evidence is as follows:

1. The Indictment of the Petitioner (Dkt. No. 50-1 at 1-3, Exhibit A): The indictment contains one count of assault with intent to ravish and one count of armed robbery. The copy of the Indictment provided the Court obliterates the name of the victim of the assault. The victim of the armed robbery is identified as Eileen Mathis. The Indictment indicates that the assault occurred on July 12, 1976, and the armed robbery occurred "on or about" July 12, 1976. Both crimes are charged with having involved the Petitioner and a co-defendant, William Ray Bing.

2. The General Sessions Docket Sheet (Dkt. No. 50-1 at 4, Exhibit B): The record

---

[1] Greater factual detail can be found in the related South Carolina Court of Appeals decision. *State v. Phillips*, 712 S.E. 2d 457 (S.C. App. 2011).

>    indicates that the Petitioner pled guilty to common law robbery (rather than the indicted offense of armed robbery) and assault with intent to ravish. The Petitioner was sentenced to 21 years on the assault with intent to ravish and 7 years for the common law robbery, to run concurrently.

3. The Commitment Order (Dkt. No. 50-1 at 5, Exhibit C): This document confirms the aforementioned sentence and states that the armed robbery offense and the assault with intent to ravish had separate indictment numbers.

4. The Arrest Warrant and Affidavit of the arresting officer (Dkt. No. 46-17, Exhibit D): The Arrest Warrant states that Petitioner assaulted "Eileen Mathis with the intent to ravish her while threatening to kill her with a pistol." The arresting officer's Affidavit states that the Petitioner assaulted "Eileen Mathis with intent to ravish while also threatening her with a pistol" and robbed and kidnapped her and a companion.[2] The Affidavit further states that Petitioner was accompanied by William Ray Bing.

### III. Certified Questions of Law

Based upon the foregoing, the Court respectfully requests the South Carolina Supreme Court to address the following certified questions:

1. If a defendant has been previously convicted of a common law crime that does not necessarily, but may, contain all the elements of a "serious" or "most serious" offense under S.C. Code § 17-25-45, may a court consider extrinsic evidence to determine if the prior offense falls within a listed "serious" or "most serious"

---

[2] The kidnapping charge was later nolle prossed. (Dkt. No. 50-1 at 4, Exhibit B).

offense?

2. If a court may consider extrinsic evidence to determine if a prior common law offense falls within a listed "serious" or "most serious" offense under § 17-25-45, which, if any, of the record evidence provided to the Court and referenced above would be proper for the Court to consider?

3. If a court may consider extrinsic evidence to determine if a prior common law offense falls within a listed "serious" or "most serious" offense, what standard of proof must be met to determine if a prior common law offense is the equivalent of a listed "serious" or "most serious" offense (e.g., preponderance of the evidence, beyond a reasonable doubt)?

4. If the Court may use extrinsic evidence to determine if a common law offense is the equivalent of a listed serious offense, is the available record evidence legally sufficient to establish that the Petitioner's 1976 conviction constituted first or second degree criminal sexual conduct?

## IV. Conclusion

In sum, the Court concludes that the answers to the questions certified herein may be determinative of the Petitioner's claims, and there is no controlling precedent in the decisions of the South Carolina Supreme Court. According, pursuant to South Carolina Appellate Court Rule 244, the Court respectfully:

**CERTIFIES** the questions set forth in Part III of this Order to the South Carolina Supreme Court; and

**ORDERS** the Clerk of this Court to forward to the Supreme Court of South Carolina,

under the official seal of this Court, a copy of this Certification Order together with copies of the record attached hereto as Exhibits A - D and any other portions of the record requested by the Supreme Court of South Carolina.

**IT IS SO ORDERED.**

                                      Richard Mark Gergel
                                      United States District Court

September 11, 2015
Charleston, South Carolina