## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

James Bowers,                          )
                                       )
                   Petitioner,         )        Civil Action No. 0:14-358-RMG
                                       )
vs.                                    )
                                       )
Joseph McFadden,                       )        **ORDER**
                                       )
                   Respondent.         )
                                       )
_____)

This matter comes before the Court on cross motions of the Petitioner and the

Respondent for summary judgment regarding Petitioner's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. (Dkt. Nos. 47, 48). Petitioner, a state prisoner, is serving a

sentence of life without parole (hereafter "LWOP") under South Carolina's "two strike" statute,

S.C. Code § 17-25-45. Petitioner asserts that his sentence of LWOP was a product of legal error

because one of the two convictions upon which the sentence was imposed, a 1976 conviction for

the common law crime of assault with intent to ravish, did not qualify as a "most serious offense"

under the two strike statute, S.C. Code § 17-25-45(c)(1). Petitioner further asserts that he was

deprived of effective assistance of counsel at his state criminal trial when his trial counsel failed

to argue that the prior conviction of assault with intent to ravish did not qualify as a "most

serious" offense and expressly conceded that this common law offense was "the same offense,

basically" as the statutory offenses of assault with intent to commit criminal sexual conduct first

or second degree. (Dkt. No. 39-2 at 112). Petitioner additionally argues that he was denied

effective assistance of counsel at the post conviction relief (hereafter "PCR") trial stage when his

-1-

PCR counsel failed to raise the issue that his criminal trial counsel had been ineffective in failing to argue that the prior conviction of assault with intent to ravish did not fall with the list of "most serious" offenses set forth in South Carolina's two strike law.

The issue of whether Petitioner's 1976 conviction for assault with intent to ravish qualified as a most serious offense under the two strike statute was raised for the first time on Petitioner's appeal of the denial of PCR relief to the South Carolina Court of Appeals. The Court of Appeals stated that "we have concerns trial counsel did not challenge the use of the prior assault with intent to ravish conviction on the basis that it was not the equivalent to first or second degree CSC."[1] *Bowers v. State*, Case No. 2010-152167, 2013 WL 8538715 at *1 (S.C. App. June 19, 2013). The Appeals Court noted that "[i]t is possible the prior conviction could have met the elements of only third-degree CSC, and therefore, was not properly utilized for LWOP purposes." *Id.* at *2 n. 1. The Appeals Court, however, determined that it need not address this issue because the PCR trial counsel had not raised the issue in the initial PCR proceeding below. The South Carolina Court of Appeals observed that "[t]he availability of any other collateral relief proceeding arising from the current PCR action, such as habeas corpus, is not before us." *Id.* at *2 n. 2.

After exhausting his state PCR processes, Petitioner timely filed this petition for a writ of habeas corpus asserting that he had been denied effective assistance of counsel by his state criminal trial counsel and his state PCR trial counsel when both failed to raise and address the issue that his prior conviction for assault with intent to ravish did not qualify as a "most serious" offense under the two strike statute. Petitioner further argued that such errors by his state

---

[1] The abbreviation "CSC" stands for criminal sexual conduct.

criminal trial counsel and his state trial PCR counsel wrongly resulted in a sentence of LWOP. (Dkt. No. 1).[2] The matter was referred to the Magistrate Judge for pretrial handling. The Petitioner and the Respondent filed motions for summary judgment. The Magistrate Judge issued a Report and Recommendation on July 23, 2015, recommending that the Respondent's motion for summary judgment be granted and the Petitioner's motion for summary judgment be denied. (Dkt. No. 58). The Magistrate Judge found that the Petitioner's prior conviction of assault with the intent to ravish did, in fact, qualify as assault with intent to commit criminal sexual conduct first degree if a modified categorical analysis used by the federal courts in Armed Career Criminal Act cases was utilized. Based on this determination, the Magistrate Judge concluded that Petitioner could not show that either of his prior counsel were deficient or that he was prejudiced by their performance. (*Id.* at 17-19). Petitioner timely filed objections to the Report and Recommendation.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations by the Magistrate Judge." 28 U.S.C. § 636(b)(1).

In accord with controlling statutory and appellate court legal standards, federal habeas review of state court criminal proceedings is highly deferential. A habeas petition can be granted

---

[2] In the absence of the enhanced sentence under the two strike law, Petitioner faced in his 2004 armed robbery conviction a mandatory minimum sentence of 10 years and a maximum sentence of 30 years. S.C. Code § 16-11-330.

only where the state court decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Where a petitioner asserts a violation of his Sixth Amendment right to counsel as a result of ineffective assistance of counsel at the state criminal trial, he carries an onerous burden. First, he must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Again, this review is highly deferential and the attorney's conduct must be judged as of the time the legal services were rendered and be more than a dispute over reasonable professional judgment. *Id.* at 689-90. Second, even where the petitioner is able to show his counsel's performance was deficient, he is not entitled to relief unless he can also demonstrate that it was "reasonably likely" that a different result would have occurred. *Id.* at 696. The Supreme Court more recently explained in *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011) that the habeas petitioner must show that the chances of a different result were "substantial, not just conceivable."

Petitioner is further obligated here, where he also claims ineffective assistance by his state trial PCR trial counsel in failing to raise the two strike issue, to establish cause for a his default in the initial PCR proceeding. This must be shown by demonstrating that the PCR trial counsel was ineffective under the standards of *Strickland*, showing both that the attorney's performance fell below an objective standard of reasonableness and it was "reasonably likely" a different result would have been obtained. In other words, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective assistance of counsel claim is a substantial one,

-4-

which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012).

## Factual Background

Petitioner was indicted on September 1, 1976 by the Jasper County, South Carolina Grand Jury on three counts: assault with intent to ravish, armed robbery and kidnapping. All three offenses were alleged to have occurred on July 12, 1976 and involved the same victim. (Dkt. No. 77). There was no allegation in the indictment that the offenses occurred in conjunction with each other. One week later, Petitioner pled guilty to assault with intent to ravish and robbery. He was sentenced to 21 years on the assault with intent to ravish and 7 years for robbery, with the sentences to be served concurrently. (Dkt. No. 50-1 at 5). Petitioner was thereafter convicted on October 25, 2004 of armed robbery. The State asserted at the time of his 2004 sentencing that because of Petitioner's 1976 conviction of assault with intent to ravish and 2004 conviction for armed robbery, he was subject to a mandatory sentence of LWOP.

Immediately following the return of the jury's verdict for armed robbery, the state trial court proceeded to sentence Petitioner. The state trial judge observed that the State was relying on the prior conviction for assault with intent to ravish to support its argument for LWOP. Petitioner's criminal trial counsel then responded that he was satisfied that the common law offense of assault with intent to ravish was "the same basically" as assault with intent to commit criminal sexual conduct first or second degree. (Dkt. No. 39-2 at 112). The state trial judge agreed, observing that the "assault with intent to ravish is the same as assault with intent to commit criminal sexual conduct in either the first or second degree . . . ." (*Id.* at 117). Petitioner's state trial counsel subsequently told the trial judge that "we both know our hands are

-5-

tied in this case. I mean there's no sentence but one sentence." Counsel then stated that "to

stand up here and tell you anything about [the Petitioner] would be a total exercise in futility."

(*Id.* at 120). The state trial judge concurred, stating that Petitioner's sentence of LWOP was

"mandated by law." (*Id.* at 120-121). Petitioner was then sentenced to LWOP.

## Discussion

A threshold question in this habeas petition is whether Petitioner's trial counsel was

ineffective when he conceded that the common law crime of assault with intent to ravish was the

legal equivalent to assault with intent to commit criminal sexual conduct, first or second degree,

thereby mandating a sentence of LWOP. To the extent that counsel's concession was correct as a

matter of law, then there is no serious argument that trial counsel's performance fell below a

professionally reasonable level. On the other hand, if the concession of trial counsel was

erroneous as a matter of law, the Petitioner's 1976 conviction of the common law crime of

assault with intent to ravish did not necessarily constitute assault with the intent to commit

criminal sexual conduct, first or second degree, and counsel's statements to the contrary at

sentencing fell below an objective standard of reasonableness, the Court would need to address

the second prong of *Strickland*, actual prejudice.

A.    **Was the common law crime of assault with intent to ravish necessarily the same as assault with intent criminal sexual conduct first or second degree?**

The common law crime of assault with intent to ravish had two elements: "an assault by a

male on a female" and that assault must have been "with the intent to . . . rape." *State v.*

*Tuckness*, 185 S.E.2d 607, 608 (S.C. 1971). The crime was not divided by degrees and did not

include as elements issues of aggravated force, aggravated coercion or other aggravated

circumstances.

In 1977, the South Carolina General Assembly adopted a statutory scheme that created a variety of sexual crimes demarcated under the rubric of "criminal sexual conduct." These included criminal sexual conduct first, second and third degree, criminal sexual conduct with a minor and assault with intent to commit criminal sexual conduct. S.C. Code §§ 16-3-652, 653, 654, 655, 656. Criminal sexual conduct first degree required a sexual battery (defined as intercourse or other specifically designated sexual acts) and the presence of aggravated force or commission of the sexual battery "under circumstances where the victim is also the victim of . . . robbery . . . ." § 16-3-652. Criminal sexual conduct second degree involved a sexual battery which was accomplished with "aggravated coercion." § 16-3-653. Criminal sexual conduct third degree involved a sexual battery where the defendant "uses force or coercion to accomplish sexual battery in the absence of aggravating circumstances." The crime of assault with intent to commit criminal sexual conduct was also recognized and was made punishable "as if the criminal sexual conduct was committed." § 16-3-656.

The South Carolina General Assembly subsequently adopted a two strike law. S.C. Code § 17-25-45. The act required that if a defendant was convicted of two crimes identified as "most serious offenses" he faced a mandatory sentence of LWOP. Criminal sexual conduct first and second degree and assault with intent to commit criminal sexual conduct first and second degree were designated as "most serious offenses." Criminal sexual conduct third degree, assault with intent to commit criminal sexual conduct third degree, and the common law crime of assault with intent to ravish are not among the crimes listed among the "most serious" offenses under the two strike law. S.C. Code § 17-25-45(A)(1)(a), (C)(1).

As the South Carolina Court of Appeals has already recognized in Petitioner's appeal from the denial of PCR relief, "[i]t is possible [Petitioner's] prior conviction could have met the elements of only third-degree CSC, and therefore, was not properly utilized for LWOP purposes." *Bowers v. State*, 2013 WL at *2 n. 1. The Court of Appeals was simply recognizing the obvious fact that the common law crime of assault with intent to ravish was broader than the statutory crimes of assault with intent to commit criminal sexual conduct first or second degree. A similar conclusion was reached by the South Carolina Supreme Court in *State v. Lindsey*, 583 S.E.2d 740, 742 (S.C. 2003), where a defendant's 1976 conviction for the common law crime of rape was held not to be a proper basis for the two strike law because the offense "may have fallen into the category of third degree CSC, involving a sexual battery using force or coercion, but without aggravating circumstances."

Based on the foregoing, it is obvious that Petitioner's state criminal trial counsel erred when he stated that Petitioner's prior assault with intent to ravish "was the same offense, basically" as the crimes of assault with intent to commit criminal sexual conduct first or second offense. State criminal trial counsel could have avoided this error of law on this critical issue by performing one or both of these relatively simple tasks: (1) reviewing the common law definition of assault with intent to ravish as previously defined by the South Carolina Supreme Court in published decisions and comparing it with the statutory definition of assault with intent to commit criminal sexual conduct first or second degree and/or (2) reading the South Carolina Supreme Court's 2003 decision in *State v. Lindsey*, then the most recent decision of the state's highest court interpreting the two strike law. State trial counsel's failure to perform these basic research tasks when his client faced a potential sentence of LWOP falls below an objectively

-8-

reasonable professional standard.

      B.      **Despite state criminal trial counsel's error of law in stating that the offense of assault with intent to ravish was the legal equivalent of assault with intent to commit criminal sexual conduct first or second degree, would it have still be legally proper to apply the two strike law to Petitioner's 1976 conviction based upon the particular circumstances of his crime?**

Respondent argues that even if Petitioner's state trial counsel made an erroneous statement of law, a consideration of the particular factual circumstances of Petitioner's 1976 conviction by the sentencing judge following the 2004 conviction for armed robbery would have demonstrated that the application of the two strike statute was legally proper. This argument raises a rather complex legal question concerning what evidence a subsequent sentencing court can rely on to determine whether the elements of a previously existing common law crime fell within the parameters of a newly created statutory crime that mandates an enhanced sentence.

The South Carolina appellate courts have not directly addressed this issue in light of the common law crime of assault with intent to ravish and the statutory crimes of assault with intent to commit criminal sexual conduct first or second degree.[3] As discussed above, the South Carolina Supreme Court has reversed a lower court decision allowing the common law crime of rape to serve as one of the two "most serious offenses" under the two strike statute, holding that it was possible that the crime involved only criminal sexual conduct third degree. *State v. Lindsey*, 583 F.2d at 742. The Supreme Court concluded that the State bore the burden of

---

[3] This Court attempted to certify to the South Carolina Supreme Court questions relating to the application of the common law crime of assault with intent to ravish to the South Carolina two strike statute. The South Carolina Supreme Court declined the request for certification. (Dkt. Nos. 64, 71).

showing that the earlier common law conviction "necessarily contains all of the elements of the 'most serious' offenses specified" in the two strike statute. *Id.* at 741.

Respondent argues that the *Lindsey* court observed that "there is no evidence in the record concerning Lindsey's 1976 rape conviction," which Respondent reasons indicates that the sentencing court in this case could have considered extrinsic evidence to determine whether the crime to which Petitioner pled constituted criminal sexual conduct first or second degree. The *Lindsey* court did not attempt to articulate what type of record evidence might be proper to consider but indicated that the "form indictment" under which the defendant was tried "gives no details of the facts or circumstances concerning the rape." *Id.* Respondent argues that at least the Petitioner's indictment could be considered and urges consideration of an affidavit of the arresting officer that supported the issuance of the arrest warrant.

The South Carolina Supreme Court also looked to the content of the indictment in *State v. Phillips*, 734 S.E. 2d 650, 652-53 (S.C. 2012), to determine if a prior conviction for common law arson met the current statutory arson provisions that qualified for "most serious offense" status under the two strike law. Specifically, the Supreme Court was attempting to determine if the indictment in *Phillips* explicitly stated that the structure burned was a school facility. The indictment stated that the structure was owned by the local school district but this could have involved sheds, garages or abandoned buildings owned by the school district. Since the structure burned did not necessarily involved a school facility, the South Carolina Supreme Court found

that the State could not carry its burden to show the crime fell within one of the "most serious offenses."[4]

A review of the indictment in Petitioner's case contains some of the same information limitations noted by the *Lindsey* and *Phillips* courts in the indictments in those cases. Petitioner was indicted on three separate counts: assault with intent to ravish, armed robbery and kidnapping. The incidents were alleged to have involved the same victim and to have occurred on the same day. The indictment does not allege that these crimes were committed in relationship with each other or were committed in the course of a single event. (Dkt. No. 77). Further confusion regarding the details of the charges is created by the fact that the Petitioner pled guilty to assault with intent to ravish and robbery and did not plead to the indicted charges of armed robbery or kidnapping. (Dkt. No. 50-1). While it is possible that the crimes of assault with intent to ravish and the robbery were committed in conjunction with each other, it is also possible that these crimes occurred at different times on the same day. In the parlance of the South Carolina Supreme Court in *Lindsey*, it was not necessarily true these crimes were committed in relationship with each other. If the assault with attempt to ravish was committed in the midst of a robbery, this may well have constituted first degree criminal sexual conduct. If the offenses were committed at separate times, the crime could be nothing more than criminal sexual conduct third degree, as the South Carolina Court of Appeals noted in Petitioner's PCR appeal.

Respondent urges the Court to consider the content of the arresting officer's affidavit. Such evidence has never been considered by the South Carolina Supreme Court in any of the

---

[4] The decision of the South Carolina Court of Appeals in *Phillips* provided greater details regarding the substance of the indictment. *State v. Phillips*, 712 S.E.2d 457, 462-63 (S.C. App. 2011).

-11-

cases in which it has reviewed the application of convictions for common law crimes to the state

two strike law. Moreover, in considering an analogous situation of the application of state law

convictions to the federal Armed Career Criminal Act, the United States Supreme Court has

strictly delineated the types of court records which may be relied upon on Sixth and Fourteenth

Amendment grounds. These records have been limited to "conclusive judicial records," such as

indictments, plea agreements, and plea colloquys in which the "factual basis for the plea was

confirmed by the defendant." *Shepard v. United States*, 544 U.S. 13, 21-26 (2005); *United States*

*v. Alston*, 611 F.3d 219, 226 (4th Cir. 2010). An affidavit of an arresting officer would not meet

this exacting constitutional standard.[5]

Based on the foregoing, it is quite clear that a sentencing court could not determine that

Petitioner's 1976 conviction for assault with intent to ravish necessarily was the equivalent of

assault with the intent to commit criminal sexual conduct first or second degree. Therefore,

counsel's error of law created a substantial likelihood that had Petitioner's trial counsel properly

---

[5] There is also a substantial constitutional question concerning whether the Court could consider *any* judicial documents when attempting to determine if a prior conviction of the common law crime of assault with intent to ravish necessarily fell within the statutory crimes of first or second degree criminal sexual conduct. In attempting to address an analogous situation under the Armed Career Criminal Act, the United States Supreme Court has prohibited the consideration of anything beyond the elements of the crime of state conviction and the federal statute unless the state crime is divisible and a portion of the divisible law necessarily fell within the federal statute. *Descamps v. United States*, 133 S.Ct. 2276, 2285 (2013). Otherwise, the sentencing court would be required to engage in fact finding that must be left to a jury to determine beyond a reasonable doubt or be admitted by a defendant as part of his guilty plea. *Id.* at 2288. Here, the common law crime of assault with intent to ravish is not divisible, making consideration of any judicial records, including the indictment, arguably improper under the authority of *Descamps*. Since the Court has found that consideration of judicial documents constitutionally permitted under *Shepard* are not sufficient to determine that Petitioner's 1976 crime necessarily constituted criminal sexual conduct first or second degree, the Court has found it unnecessary to definitively address the *Descamps* question.

presented to the sentencing court the disparity between the elements of assault with intent to

ravish and the assault with intent to commit criminal sexual conduct first or second degree and/or

brought to the sentencing court's attention the South Carolina Supreme Court's decision the year

before in *State v. Lindsey*, Petitioner would not have been sentenced to LWOP.

        **C.**      **Having established that Petitioner has satisfied his burden under
both prongs of *Strickland* to show that his state criminal trial counsel's
performance fell below an objectively reasonable professional standard and
that he was prejudiced by such performance, can Petitioner further establish
cause for the default of his state trial PCR counsel for failing to raise at the
PCR trial court stage the issue of ineffective assistance of state criminal trial
counsel on the two strike issue?**

Petitioner's claim of ineffective assistance of counsel should have been raised for the first

time at the PCR trial stage and was not. Petitioner had appointed counsel and that counsel failed

to raise the issue. On appeal to the South Carolina Court of Appeals from the denial of PCR

relief, appointed PCR appellate counsel did raise the issue for the first time. The Court of

Appeals declined to make a determination of the ineffective assistance of counsel claim because

of the failure to PCR trial counsel to have asserted the issue below. *Bowers v. State*, 2013 WL

8538715 at *1.

The United States Supreme Court has recognized the right of a habeas petitioner to be

excused from a procedural default of an ineffective assistance of a state criminal trial counsel

claim where the trial PCR counsel "was ineffective under the standards of *Strickland v.

Washington* . . . To overcome the default, a prisoner must demonstrate that the underlying

ineffective assistance of counsel claim is a substantial one, which is to say that the prisoner must

demonstrate that the claim has some merit." *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012).

The Court finds that the ineffective assistance of counsel claim is a substantial one and

-13-

that state trial PCR counsel was ineffective in failing to raise the issue and such failure was

obviously prejudicial to Petitioner. Indeed, the Court of Appeals noted there appeared to be real

merit to Petitioner's underlying ineffective assistance of counsel claim and only the procedural

default below by state PCR trial counsel prevented the Court of Appeals from addressing the

issue. *Bowers v. State*, 2013 WL 8538715 at *1. Therefore, the Court finds under the authority

of *Martinez* cause for Petitioner's default of the ineffective assistance of counsel claim.

### D.    Petitioner is entitled to the issuance of a writ of habeas corpus regarding his claim of ineffective assistance of counsel during his 2004 criminal sentencing.

This petition is somewhat unusual because it comes to this Court with an expression from

the South Carolina Court of Appeals that Petitioner's Sixth Amendment right to effective

assistance of state criminal trial counsel was likely violated and that only the ineffective

assistance of state trial PCR counsel in allowing the issue to be defaulted prevented the Court of

Appeals from providing Petitioner relief. *Id.* The South Carolina Court of Appeals then went

further to suggest to the Petitioner he seek collateral relief, such as the petition for habeas corpus

here, to vindicate his constitutional rights. *Id.* at *2 n. 2.

This Court concurs in the views expressed by the South Carolina Court of Appeals that

Petitioner's state criminal trial counsel failed to meet a professionally reasonable standard of

performance. This Court also concludes that the deficient performance of state criminal trial

counsel carried with it an unacceptably high, substantial chance of having affected the outcome

of Petitioner's sentencing decision. Further, the Court concludes that state trial PCR counsel was

similarly deficient in failing to raise the two strike issue in the initial PCR proceeding and that

deficient performance carried with it a substantial chance of affecting the outcome of that

decision.

Therefore, even after applying the highest deferential standard to the prior decisions of the state courts and the review of the performance of counsel under the standards of *Strickland,* the Court is left with the strong conclusion that this is one of the unusual cases where the grant of the writ is demanded in the interest of justice. Therefore, Petitioner's writ of habeas corpus is granted in accord with the remedy set forth below.[6]

### Remedy

Having determined that Petitioner's right to effective assistance of counsel at his 2004 sentencing was violated, the Court now turns to the issue of a proper remedy. This habeas petition has no impact on Petitioner's guilty plea or conviction regarding the 2004 armed robbery. The guilty plea and conviction have not been challenged in this petition and are final. Petitioner is, however, entitled to be resentenced regarding his 2004 armed robbery conviction after appointment of qualified state criminal trial counsel. Respondent is directed to appoint new state criminal trial counsel for sentencing purposes within 10 days of this order and to conduct that sentencing within 120 days of this order. To the extent the Respondent seeks to appeal this decision to the Fourth Circuit Court of Appeals, the Court will consider, on the motion of Respondent, a stay of this order pending the completion of the appeal.

### Conclusion

The Petitioner's petition for a writ of habeas corpus is hereby GRANTED. Respondent is

---

[6] Petitioner also asserted a claim that he was denied effective assistance by his state criminal trial counsel allegedly failing to inform him of possible sentences and to communicate effectively any plea offers. Petitioner subsequently consented to the dismissal of this claim. (Dkt. No. 49 at 7).

directed to appoint Petitioner new state criminal trial counsel for resentencing within 10 days of

this order and to resentence Petitioner within 120 days of this order.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

December 2 1, 2015
Charleston, South Carolina